UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



FILED
MAY 27 2016
CLERK

| | |
|---|---|
| SHANE DOUGLAS BELL,<br><br>Plaintiff,<br><br>vs.<br><br>DARIN YOUNG, JENNIFER DREISKE, SETH HUGHES, DENNIS KAEMINGK, BOB DOOLEY, CRAIG MOUSEL, SCO MOISAN,<br><br>Defendants. | 4:16-CV-04046-LLP<br><br>ORDER DISMISSING COMPLAINT IN PART AND DIRECTING SERVICE |

Plaintiff, Shane Douglas Bell, is an inmate at the South Dakota State Penitentiary (SDSP) in Sioux Falls. Bell filed a pro se civil rights lawsuit pursuant to 42 U.S.C. § 1983 and was granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Docket 1; Docket 6. The court has now screened Bell's complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, Bell's complaint is dismissed in part and survives screening in part.

## FACTUAL BACKGROUND

According to Bell's complaint, he has had multiple issues with prison mailroom staff rejecting his incoming mail. He received two books donated by Parallax press. Docket 1 at 6. The prison mailroom rejected these books, refusing to deliver them to Bell. *Id.* Bell alleges that defendant Craig Mousel

rejected these books because they were donated instead of purchased. *Id.* The rejection notice was not signed. *Id.*

Bell filed an informal resolution request concerning the rejection. *Id.* Seth Hughes, a Unit Coordinator at SDSP, denied the request without looking at the books, even though the rejection was not signed. *Id.* Because it was not signed, Bell claims he could not appeal the rejection. *Id.* at 8.

The prison mail room also rejected a magazine delivered to Bell. *Id.* at 7. According to Bell, "Jane Doe #1 or SCO Moisan" rejected a magazine called Military History because she deemed it sexually explicit. *Id.* Again, when Bell filed an informal resolution request, Hughes did not personally inspect the magazine. *Id.*

Bell also claims that defendants Dennis Kaemingk and Bob Dooley make prison mail policies that are "ambiguous" and "open to interpretation," which causes constitutional violations. *Id.* at 6. He also claims that defendants Darin Young and Jennifer Dreiske enforce policies and create prison mail rules that are "vague, ambiguous, and open to interpretation[,]" which causes constitutional violations. *Id.* Young and Dreiske also allegedly do not force prison staff to personally review rejected material. *Id.* at 8.

On April 5, 2016, Bell filed a § 1983 complaint raising two counts under the First Amendment and one count under the Fourteenth Amendment's Due Process Clause. Docket 1. In relief, he requests that the court order the prison to allow books and magazines that can be purchased by minor citizens be allowed into the prison, that the court order the prison to allow books donated

2

by charitable organizations, that the court order the prison to review its mail policies and alter them to satisfy the constitution, and that the court forbid the prison from retaliating against him. *Id.* at 9. He also requests defendants pay his costs and fees. *Id.* Finally, he requests to be single celled. *Id.*

## LEGAL STANDARD

The court must accept the well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "If a plaintiff cannot make the requisite showing, dismissal is appropriate." *Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008); *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985).

Under 28 U.S.C. § 1915A, this court must screen prisoner claims and determine whether they are (1) frivolous, malicious, or fail to state a claim on which relief may be granted; or (2) seek monetary relief from a defendant who is immune. *See Onstad v. Wilkinson*, 534 F. App'x 581, 582 (8th Cir. 2013).

## DISCUSSION

Bell raises two first amendment claims and one Due Process claim in his complaint. He alleges that defendants Mousel, Moisan, Hughes, Dooley, Kaemingk, Young, and Dreiske violated his rights under the First Amendment by rejecting his books and magazines, making and enforcing the rules which caused these rejections, and failing to adequately address his informal resolution requests. He alleges that defendants Mousel, Young, and Dreiske violated his rights under the Due Process Clause by creating the process to reject his books and magazine and by rejecting his material.

**I.   First Amendment Mail Claims**

Bell claims that defendants violated his rights under the First Amendment by rejecting his books and magazine and by promulgating unconstitutional rules and policies. "While prisoners retain their constitutional rights, limitations may be placed on the exercise of those rights because of the needs of the penal system." *Kaden v. Slykhuis*, 651 F.3d 966, 968 (8th Cir. 2011) (citing *Turner v. Safley*, 482 U.S. 78, 84–85 (1987)). "[P]rison officials may lawfully censor prison mail that is detrimental to the security, good order and discipline of the institution." *Id.* (citing *Thornburgh v. Abbott*, 490 U.S. 401, 404 (1989)).

4

To decide whether a prison policy advances "a legitimate penological interest" interest, the Court must consider

> (1) whether there is a rational connection between the regulation and a neutral and legitimate governmental interest; (2) whether alternative means exist for the inmates to exercise their constitutional rights; (3) the impact of accommodating that right on other inmates and prison personnel; and (4) whether reasonable alternatives to the regulation exist.

*Id.* (quoting *Safley*, 482 U.S. at 89–90).

In *Kaden v. Slykhuis*, 651 F.3d 966 (8th Cir. 2011), an inmate at SDSP alleged that the prison mailroom's rejection of his magazine violated his rights under the First Amendment. The complaint was dismissed upon screening pursuant to § 1915A. *Id.* at 968. The Eighth Circuit Court of Appeals stated, "[I]f a valid prison regulation is applied to particular mail items in such a way as to negate the legitimate penological interest, the regulation may be unconstitutional as applied to those items. Before censoring materials, prison authorities must review the content of each particular item received." *Id.* at 969 (citing *Murphy v. Mo. Dep't of Corr.*, 372 F.3d 979, 986 (8th Cir. 2004)).

The Eighth Circuit accepted Kaden's allegations as true on appeal and found them "sufficient to plausibly state a claim under § 1983." *Id.* at 969. The Eighth Circuit pointed out that at the "extremely early stage of the litigation" before defendants "were required to answer the complaint," there was "a reasonable inference that SDSP's policy was unconstitutionally applied to the censored publication." *Id.* at 969.

The same is true here. Bell alleges that defendants Mousel and Moisan violated his rights under the First Amendment by denying his books because they were donated and his magazine because it was sexually explicit. Docket 1 at 6-7. He alleges that defendants Dooley, Kaemingk, Young, and Dreiske violated his rights under the First Amendment by creating and enforcing rules that unconstitutionally infringed on his right to receive mail, specifically polices and rules concerning free books as well as what constitutes sexually explicit material and how that determination is made. *Id.* Therefore, Bell has stated a claim that Mousel, Moisan, Dooley, Kaemingk, Young, and Dreiske violated his rights under the First Amendment.

However, Bell fails to state a First Amendment claim against Hughes. Bell alleges that Hughes failed to properly investigate his informal resolution request, specifically that Hughes did not personally review the magazine or books. *Id.* While it is true that prison officials must review materials before censoring them, there is no First Amendment right to appeal this review. According to Bell's complaint, Hughes did not censor any of the rejected items initially. *Id.* Hughes merely reviewed the rejection. Because Bell does not have a First Amendment right to the review of the rejection, he fails to state a First Amendment claim against Hughes.

## II. **Due Process**

Bell alleges that Mousel, Hughes, Young, and Dreiske violated his rights under the Due Process clause. " '[T]o prevail on a Fourteenth Amendment due process claim, [Bell] must first demonstrate that he was deprived of life, liberty

or property by government action.'" *Ballinger v. Cedar Cty., Mo.*, 810 F.3d 557, 562 (8th Cir. 2016) (quoting *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003)). Assuming without finding that Bell has a property interest in the books and magazines, the rejection "thus implicates procedural due process, and 'the question remains what process is due.'" *Mickelson v. Cty. of Ramsey*, No. 14-3164, 2016 WL 2342925, at *3 (8th Cir. May 4, 2016) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)).

Bell alleges that Mousel violated his rights under the Due Process Clause by not signing the rejection notice. Docket 1 at 8. Bell alleges that the lack of a signature kept him from appealing the objection, however, he complains that Hughes did not properly investigate when Bell "appealed the magazine and book rejections to him through the prison informal resolution request." *Id.* Bell had a way to appeal the rejection; he merely disagreed with the decision. Therefore, he fails to state a due process claim.

It is ORDERED

1. Bell fails to state a due process claim upon which relief may be granted. This claim is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).
2. The remainder of Bell's complaint survives screening under 28 U.S.C. § 1915A.
3. The Clerk shall send blank summons forms to Bell so he may cause the summons and complaint to be served upon the defendants.

4. The United States Marshal shall serve a copy of the complaint (Docket 1), Summons, and this Order upon defendants as directed by Bell. All costs of service shall be advanced by the United States.

5. Defendants will serve and file an answer or responsive pleading to the remaining claims in the complaint on or before 21 days following the date of service.

6. Bell will serve upon defendants, or, if appearance has been entered by counsel, upon their counsel, a copy of every further pleading or other document submitted for consideration by the court. He will include with the original paper to be filed with the clerk of court a certificate stating the date and that a true and correct copy of any document was mailed to defendants or their counsel.

7. Bell will keep the court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the court's Local Rules while this case is pending.

Dated May 27, 2016.

BY THE COURT:

*[signature]*
Lawrence L. Piersol
UNITED STATES DISTRICT JUDGE