UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| SHANE DOUGLAS BELL,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>DARIN YOUNG, WARDEN, INDIVIDUAL AND OFFICIAL CAPACITY; JENNIFER DREISKE, DEPUTY WARDEN, INDIVIDUAL AND OFFICIAL CAPACITY; SETH HUGHES, UNIT COORDINATOR, INDIVIDUAL AND OFFICIAL CAPACITY; DENNIS KAEMINGK, SECRETARY OF CORRECTIONS, INDIVIDUAL AND OFFICIAL CAPACITY; BOB DOOLEY, DIRECTOR OF PRISON OPERATIONS, INDIVIDUAL AND OFFICIAL CAPACITY; CRAIG MOUSEL, CORRECTIONAL OFFICER, INDIVIDUAL AND OFFICIAL CAPACITY; AND SCO MOISAN, SENIOR CORRECTIONAL OFFICER, INDIVIDUAL AND OFFICIAL CAPACITY;<br><br>　　　　　Defendants. | 4:16-CV-04046-VLD<br><br>ORDER DENYING MOTION FOR SANCTIONS<br><br>DOCKET NO. 180 |

## INTRODUCTION

This matter was before the court on plaintiff Shane Bell's *pro se* complaint pursuant to 42 U.S.C. § 1983.  See Docket No. 1.  The Honorable Lawrence L. Piersol appointed Mr. Bell counsel and an amended complaint was filed by counsel on Mr. Bell's behalf.  See Docket Nos. 83, 89.  The case was transferred to the undersigned magistrate judge on the consent of the parties and the parties settled all claims in this matter and moved to dismiss the case

with prejudice. See Docket Nos. 102, 140. The motion to dismiss was granted on February 5, 2019. See Docket No. 141.

On October 1, 2019, Mr. Bell filed a motion to enforce the settlement agreement and this court granted in part and denied in part the motion. See Docket Nos. 143, 149. With that order, this court directed "that the department at the South Dakota State Penitentiary which handles garnishment of prisoners' accounts for payment of filing fees to this court should be provided with a copy of this order concerning Mr. Bell's responsibility for the $98.68 balance remaining on his 2014 civil case filing fee." See Docket No. 149, p. 9.

Now pending is Mr. Bell's *pro se* motion requesting Federal Rule of Civil Procedure 11 sanctions against defendants for "ignoring [this] court[s] order of October 31st, 2019." See Docket No. 180. Mr. Bell's motion raises one issue: are defendants "still taking Court cost fees that have already been paid [in retaliation] when only $96.98 was owed and already paid." Id.

## DISCUSSION

### A.     Whether Sanctions are an Appropriate Remedy

Federal Rule of Civil Procedure 11(c) provides that "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." See FED. R. CIV. P. 11(C)(1). "A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates

Rule 11(b)." FED. R. CIV. P. 11(C)(2). "On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." FED. R. CIV. P. 11(C)(3).

"[T]he district court possesses inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases.'" Adams v. USAA Cas. Ins. Co., 863 F.3d 1069, 1077 (8th Cir. 2017) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). These "inherent powers include the ability to supervise and discipline attorneys who appear before it and discretion to fashion an appropriate sanction for conduct which abuses the judicial process." Id. (quoting Wescott Agri-Prods., Inc. v. Sterling State Bank, Inc., 682 F.3d 1091, 1095 (8th Cir. 2012)). " '[T]he primary purpose of Rule 11 sanctions is to deter attorney and litigant misconduct, not to compensate the opposing party for all of its costs in defending.'" Vallejo v. Amgen, Inc., 903 F.3d 733, 747 (8th Cir. 2018) (quoting Kirk Capital Corp. v. Bailey, 16 F.3d 1485, 1490 (8th Cir. 1994)). On this record, there is no indication of any misconduct on defendants' part.

District of South Dakota Local Rule 83.5(a)(1) states that, "except in seaman's suits, any party commencing any civil action, suit, or proceedings, whether by original process, removal, or otherwise, must pay to the clerk of court the statutory filing fee before the case will be filed and process issued thereon." See D.S.D. CIV. L.R. 83.5(A)(1). The "statutory filing fee" is promulgated by 28 U.S.C. § 1914(a). This statute directs "[t]he clerk of each

district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350." See 28 U.S.C. § 1914(a).

Mr. Bell asserts defendants are "taking money from [him] for court costs [he] already paid" in retaliation and that he was only ordered to pay $96.68 for the filing fees associated with his 2014 lawsuit[1]. Docket No. 180, p. 1. Mr. Bell is correct in that this court ordered him to pay the remaining $96.68 balance of filing fees associated with his 2014 case. However, this did not excuse him from paying the filing fees associated with his 2021 § 1983 action[2].

According to court payment records, Mr. Bell paid the remaining balance of $96.68 for his 2014 case on January 20, 2022, or the same day he filed this motion. Also on this day, Mr. Bell paid $38.52 and $190.00 towards the filing fee associated with his 2021 §1983 action. At this time, $121.48 of filing fees were still owed, which ultimately were paid on February 10, 2022.

The Prison Litigation Reform Act ("PLRA") governs lawsuits like the present one filed by Mr. Bell. According to 28 U.S.C. § 1915(a), "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment" of the $350 filing fee. But civil plaintiffs are required to pay the filing fee eventually. Id.

---

[1] See Bell v. Voight, 4:14-cv-04111-LLP (D.S.D.)
[2] See Bell v. Young et. al., 4:21-cv-04134-LLP (D.S.D)

Mr. Bell filed his new § 1983 action on August 2, 2021.  Up until the point of filing his motion for sanctions on January 20, 2022, Mr. Bell had not paid any money towards the $350 filing fee now owed.  Thus, when the prison informed Mr. Bell he owed over $300, it was not in retaliation, but rather informing him that he owed money on his new federal lawsuit.  Therefore, FED. R. CIV. P. 11 sanctions would be inappropriate in this case.

## CONCLUSION

Based on the foregoing law, facts, and analysis, it is hereby: ORDERED that Mr. Bell's motion for sanctions [Docket No. 180] is DENIED.

DATED this 3rd day of May, 2022.

BY THE COURT:

*Veronica L. Duffy*

VERONICA L. DUFFY
United States Magistrate Judge